**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Bart D'Elia and Jay D'Elia, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 2:16-cv-405-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Arrow Products, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  This matter is before the Court on Defendant Arrow Products, Inc.'s motion for joinder of a party under Federal Rules of Civil Procedure 17 and 19 (ECF No. 14). Arrow seeks to join Plaintiffs Bart and Jay D'Elias' insurer because it has a subrogation interest in this case. For the reasons stated herein, the Court grants Arrow's motion.

**BACKGROUND**

  This product liability case relates to a water expansion tank that was installed in the D'Elias' home. The D'Elias allege that a defect in the tank caused it to fail and flood their home, resulting in $152,735.00 in property damage and related expenses. They contend Arrow is liable as the distributor of the tank.

  Universal North America Insurance Company insured the D'Elias' home when the tank failed. The D'Elias made a claim on the policy, and Universal paid them $150,235.00 on that claim. As Universal and the D'Elias have acknowledged, that payment gives Universal a subrogation interest in this case. However, Universal has executed an affidavit stating that it ratifies the D'Elias' lawsuit, waives its subrogation rights, and agrees to be bound by the results of this action.

**DISCUSSION**

Arrow argues Universal is a real party in interest, *see* Fed. R. Civ. P. 17(a)(1), and thus must be joined as a plaintiff in this case, *see id.*; Fed. R. Civ. P. 19(a). The parties, as well as Universal, agree that Universal is a real party in interest and that Universal's joinder would not destroy the Court's diversity jurisdiction. *See Jacobs Press, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 107 F.3d 866, 1997 WL 90665, at \*5 (4th Cir. Mar. 4, 1997) (per curiam) (table) ("To the extent of its payment, the insurer-subrogee is deemed the 'real party in interest.'"). The parties dispute, however, whether Universal must be joined under Rule 19(a).

Arrow contends Universal must be made an involuntary plaintiff because of its subrogation interest. The Court agrees. "[A] partial subrogee" whose presence will not destroy the district court's jurisdiction "is a person to be joined if feasible" upon timely motion by a defendant. *Va. Elec. & Power Co. v. Westinghouse Corp.*, 485 F.2d 78, 85 (4th Cir. 1973); *see also Travelers Ins. Co. v. Riggs*, 671 F.2d 810, 813 (4th Cir. 1982) ("[I]n a partial subrogation situation where the action is brought in the name of the insured as real party in interest, the partially subrogated insurer may also, if feasible, be involuntarily joined as a party plaintiff upon motion of the defendant."); *Jacobs Press, Inc.*, 1997 WL 90665, at \*5 ("[U]pon timely motion, the party sued may compel the joinder of the insurer-subrogee . . . ."). Arrow's motion is timely, and joinder is feasible because Universal's presence in the case will not destroy this Court's diversity-based jurisdiction. Thus, under *Virginia Electric & Power*, Universal must be joined.

"The purpose of [Rules 17 and 19] is essentially the same." *Jacobs Press, Inc.*, 1997 WL 90665, at \*5. "It is to enable a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have proper res judicata effect." *Va. Elec. & Power*

*Co.*, 485 F.2d at 84. The D'Elias argue Arrow already has these protections because Universal has sworn in writing that it will abide by the results of this action and will not bring a subrogation suit against Arrow. Thus, they contend, joining Universal will not fulfill any legitimate purpose; rather, it will only give Arrow the tactical advantage of injecting the presence of insurance coverage into the trial, which could infect the jury's deliberations.

The D'Elias are fighting a battle that has already been lost. Several years after the Fourth Circuit decided *Virginia Electric & Power*, District Judge Robert W. Hemphill faced a joinder request in a case materially indistinguishable from the one at bar. *See Edwards, Inc. v. Arlen Realty & Dev. Corp.*, 466 F. Supp. 505 (D.S.C. 1978). A shopping center tenant who suffered losses from flooding sued several companies associated with the shopping center. *Id.* at 506–07. Two insurance companies paid some, but not all, of the tenant's losses. *Id.* at. 507. Due to their partial subrogation interests, the insurers were "admittedly real parties in interest," and so the defendants moved to join them as involuntary plaintiffs. *Id.* The tenant and its insurers opposed the motion on the same grounds that the D'Elias raise here. The insurers stated they were willing to file ratifications of the tenant's lawsuit and also agreed to be bound by its outcome. *Id.* at 513. The tenant argued that its alignment at trial with the insurers would unfairly influence the jury. *Id.* at 511.

Judge Hemphill found those points highly persuasive. In his view, the insurers' willingness to ratify the case and abide by its outcome made forced joinder pointless, as it would have no effect on the case's substantive issues. *Id.* at 513. It only could "possibly result in a verdict not based on the substantive merits of the claim but rather on inherent prejudice against insurance companies." *Id.* Nonetheless, he recognized, *Virginia Electric & Power* had created a "flat unconditional rule" requiring that "that all partial subrogees . . . be joined if feasible." *Id.* at

3

513, 512. Thus, while he believed that not joining the insurers would be logical and would "allow a just adjudication of the substantive claim on the merits unfettered by inherent prejudices against insurance companies," he acknowledged that this Court is bound by *Virginia Electric & Power* and then ordered joinder of the insurers. *Id.* at 514.

On the way to that conclusion, however, Judge Hemphill made his thoughts on the holding of *Virginia Electric & Power* crystal clear. He called it an "unfortunate statement of law" that went beyond the facts of that case, ignored Rule 19(a), and was inconsistent with "logical" decisions from other courts. *Id.* at 511, 512, 513, 514. He lamented that the Fourth Circuit had, "by its fiat," prevented district courts from applying Rules 17 and 19 and effectuating their purpose, and from "provid[ing] justice between parties." *Id.* at 512. He called upon the Fourth Circuit to "abandon" the rule and "allow flexibility in the application of the rules so as to enable the courts to mete out justice between the parties." *Id.* at 513.

Judge Hemphill's complaint did not go unnoticed. In *Riggs*, the Fourth Circuit flatly rebuffed Judge Hemphill by citing *Edwards, Inc.* and then stating that, despite criticism,

> it is nevertheless the rule of this circuit that in a partial subrogation situation where the action is brought in the name of the insured as real party in interest, the partially subrogated insurer may also, if feasible, be involuntarily joined as a party plaintiff upon motion of the defendant.

671 F.2d at 813 & n.2. Since *Riggs*, the Fourth Circuit has continued to adhere to the *Virginia Electric & Power* rule. *See, e.g.*, *Jacobs Press, Inc.*, 1997 WL 90665, at *5; *Ga.-Pac. Corp. v. Ervin & Edwards Constr. Co.*, 891 F.2d 286, 1989 WL 141652, at *2 (4th Cir. Nov. 9, 1989) (per curiam) (table); *see also MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-02109, 2013 WL 1819944, at *12 (D. Md. Apr. 30, 2013) ("Courts in this circuit have only rejected joinder of a partial subrogee under both Rule 17 and 19 when joinder would destroy diversity jurisdiction." (citations omitted)).

4

The Fourth Circuit's summary rejection of Judge Hemphill's impassioned arguments is as telling as the fact that *Virginia Electric & Power* has not been overruled. Given the above history of the rule, this Court is persuaded that neither Universal's acquiescence nor the D'Elias' prejudice concerns can keep Universal out of the case. The Court therefore concludes that, under *Virginia Electric & Power*, it must order the joinder of Universal.[1]

## CONCLUSION

Thus, it is **ORDERED** that Arrow's motion for joinder is **GRANTED** and that Universal North America Insurance Company be joined as a plaintiff in this action.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 2, 2016**
**Charleston, South Carolina**

---

1. In light of this conclusion, the Court does not address Arrow's alternative argument that Universal should be joined because its representatives have been named as witnesses.